UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                        Case No. 12-Cr-219

MICHAEL N. MANGOLD,

      Defendant.

## DECISION AND ORDER

This matter comes before the Court for consideration of Defendant Michael N. Mangold's ("Mangold") objection (ECF No. 22) to the recommendation issued by Magistrate Judge Aaron E. Goodstein to deny Mangold's motion to dismiss tax evasion counts one through three of the indictment as time-barred (ECF No. 21). The United States agrees with the recommendation but argues that the Magistrate Judge invaded the province of the jury by making factual findings when he concluded that no acts of tax evasion occurred between 2000 and 2006. (ECF No. 23.)

Pursuant to Federal Rule of Civil Procedure 72(b)(3), this Court determines "de novo any part of the magistrate judge's disposition that has been properly objected to." This Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## Background

Some background facts are essential to the consideration of the parties' objections. Mangold's motion seeks dismissal of three counts of tax evasion for the years 1997 through 1999 in violation of 26 U.S.C. § 7201. Mangold asserts that each count is barred by the six-year statute of limitations of 26 U.S.C. § 6531.

Counts one and two of the indictment allege that Mangold "willfully attempted to evade and defeat income tax due and owing by him to the United States of America for the calendar years 1997 and 1998 by filing a 'zero' tax return with the Internal Revenue Service ("IRS") for those years;" by failing to pay income taxes of $14,188 and $23,772, respectively, for those years based on taxable incomes of $106,387 and $101,122; and by the affirmative acts alleged in paragraph two of the indictment. Count three alleges that for the calendar year 1999 Mangold willfully attempted to evade the income tax due from him to the United States of America by failing to file a tax return with the IRS; by failing to pay taxes of $33,704 due on April 15, 2000, based on taxable income of $117,496; and by the affirmative acts alleged in paragraph two of the indictment.

Paragraph two of the indictment alleges seven affirmative acts by Mangold: (1) filing with the IRS false and fraudulent 1997 and 1998 tax returns, and claiming zero income and zero tax due; (2) submitting false and fraudulent W-4s to his various employers claiming to be totally exempt from income tax withholding; (3) concealing income by having his employers pay business entities he controlled, depositing

payments he received into his spouse's personal bank accounts, and cashing checks at check-cashing businesses; (4) (with the exception of 1999) failing to file income tax returns for his various business entities; (5) submitting an Offer in Compromise ("OIC") to the IRS in which Mangold falsely claimed he paid income tax due for the calendar years 1997 and 1998 and attached returns that he falsely claimed had been filed; (6) falsely telling an IRS special agent with the Criminal Investigation Division that he had filed "regular" returns for the calendar years 1997 and 1998, filed a return for 1999, and that he did not pay taxes because he could not afford to; and (7) filing a false and fraudulent Form 1040 for the calendar year 2006 in which he omitted significant income paid to one of his business entities for physician services that he alone provided. Paragraph two does not include the dates of the foregoing affirmative acts.

The Magistrate Judge's recommendation states that the issue is whether the statute of limitations bars the government from obtaining an indictment if, following the evasive conduct, there is a six-year period in which no evasive conduct occurs. Noting that Mangold concurred with the government that the statute of limitations runs from the last evasive act, the Magistrate Judge concluded that the cases relied upon by the government did not address the issue raised by Mangold's motion because "it was not relevant," stating:

> [e]ven if there was a six-year period during which the defendant did not engage in any evasive conduct, he would still owe the taxes he had failed to pay. A person's

- 3 -

Case 2:12-cr-00219-RTR   Filed 11/18/13   Page 3 of 7   Document 27

> civil tax liability does not vanish even if the statute of limitations for criminal prosecution passes. *See* 26 U.S.C. § 6501(c)(2) (stating that in the case of a willful attempt to evade taxes, collection may be begun at any time).

Thus, the magistrate judge held that if any act of evasion occurs within six years of the return of the indictment, the indictment is timely. He further held that because the Government's proffered facts adequately demonstrated that Mangold allegedly engaged in evasive conduct within the six years prior to the indictment, there was no reason to dismiss counts one, two, or three of the indictment.

## Analysis

Mangold asserts that the Magistrate Judge's recommendation skirts the pertinent issues: Can the government revive a time-barred criminal prosecution by an alleged act of evasion after the statute of limitations has run — and more specifically whether "government inducement" can revive an already time-barred criminal prosecution. Although agreeing that Mangold's motion should be denied, the Government asserts that by finding no affirmative acts of evasion occurred between 2000 and 2006 the Magistrate Judge's analysis improperly enters the jury's province, citing *United States v. Yasak*, 884 F.2d 996, 1001 (7th Cir. 1989), which states: "[a] motion to dismiss is not intended to be a 'summary trial of the evidence.' Such a motion is directed only to the validity of the indictment or the information, and it tests only whether an offense has been sufficiently charged." (citations omitted).

To establish a violation of § 7201, the Government must prove the following

- 4 -

elements beyond a reasonable doubt: (1) an affirmative act constituting an evasion or attempted evasion of a tax; (2) the existence of a tax deficiency; and (3) willfulness. *Kawashima v. Holder*, ___ U.S. ___, 132 S. Ct. 1166, 1174 (2012); *Sansone v. United States,* 380 U.S. 343, 351 (1965). "[T]he government need not necessarily prove that a certain underlying act took place on a specific date to secure a conviction for tax evasion. *United States v. Scheuneman,* 712 F.3d 372, 379 (7th Cir. 2013) (citing *United States v. Collins,* 685 F.3d 651, 656 (7th Cir. 2012)).

An affirmative act of evasion is "any conduct, the likely effect of which would be to mislead or to conceal." *Spies v. United States,* 317 U.S. 492, 499 (1943). *Spies*, "[b]y way of illustration, and not by way of limitation," listed several examples of conduct from which a willful affirmative act can be inferred: "keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind." 317 U.S. at 499. Other affirmative acts of evasion may include filing a false tax return, *see Spies*, 317 U.S. at 499-500, diverting corporate funds for personal use, and structuring payments to avoid IRS reporting requirements, *see United States v. Mounkes,* 204 F.3d 1024, 1030 (10th Cir. 2000). Even a lawful act may serve as an affirmative act of evasion if done with the intent to evade income tax. *United States v. Valenti,* 121 F.3d 327, 333 (7th Cir. 1997).

In a tax evasion case, the latest act of evasion, rather than the due date of the

- 5 -

Case 2:12-cr-00219-RTR   Filed 11/18/13   Page 5 of 7   Document 27

taxes triggers the statute of limitations. *United States v. Trownsell,* 367 F.2d 815, 816 (7th Cir. 1966); *See also United States v. Irby,* 703 F.3d 280, 283-84 (5th Cir. 2012) (collecting cases and stating that the "other circuits that have expressly considered the issue have concluded that the statute of limitations for section 7201 offenses runs from the later date of either: when the tax return was due or the defendant's last affirmative act of tax evasion.") No dates are alleged with respect to many of the additional affirmative acts alleged in paragraph two of the indictment and incorporated into counts one through three.

Taking the allegations of counts one to three against Mangold as true, and considering those allegations together with the applicable law that the last affirmative act of evasion triggers the six-year tax evasion statute of limitations, Mangold has not provided a basis for dismissal of the indictment. Thus, the Magistrate Judge's recommendation is adopted to the extent that it concludes that counts one through three are not subject to dismissal as time-barred. The recommendation is not adopted to the extent that it can be interpreted as finding that no act of evasion occurred between 2000 and 2006.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Magistrate Judge's recommendation is **ADOPTED** to the extent that it concludes that **COUNTS ONE THROUGH THREE ARE NOT SUBJECT TO DISMISSAL** as time-barred. The recommendation is **NOT ADOPTED** to the extent

it can be interpreted as finding that **NO ACT OF EVASION OCCURRED BETWEEN 2000 AND 2006**.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**