# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.

Michael N. Mangold

## JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)

Case Number: 2012-cr-219-PP
USM Number: 12009-089

Joshua Uller
Defendant's Attorney

William Lipscomb
Assistant United States Attorney

THE DEFENDANT admitted guilt to violation of condition(s) of the term of supervision. The court adjudicates him guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Defendant failed to report to the probation office for a scheduled appointment | 12/5/2019 |
| 3 | Defendant was not present for home visits | 11/20/2019 and 12/3/2019 |
| 4 | Defendant failed to report contact with law enforcement within 72 hours | 11/16/2019 and 11/21/2019 |

The court sentences the defendant as provided in this judgment. The court imposes the sentence under the Sentencing Reform Act of 1984.

The court ORDERS that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

Defendant's Soc Sec. No.: XXX-XX-1533
Defendant's Date of Birth: XX-XX-1957

Defendant's Residence Address:

McHenry, IL 60050

Date Sentence Imposed: March 12, 2020

Hon. Pamela Pepper
Chief Judge, United States District Court

Date Judgment Entered: March 20, 2020

DEFENDANT: Michael N. Mangold
CASE NUMBER: 2012-cr-219-PP

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **time served**.

☐ The court makes the following recommendations to the Bureau of Prisons:

---

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ______________________ to ___________________________________________ with a certified copy of this judgment.

_____________________________________________
United States Marshal

_____________________________________________
By: Deputy United States Marshal

DEFENDANT: Michael N. Mangold
CASE NUMBER: 2012-cr-219-PP

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **zero (0) months**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons and shall report to the probation officer in a manner and frequency as reasonably directed by the Court or probation officer. The defendant shall not commit another federal, state or local crime. The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm.

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

**CONDITIONS OF SUPERVISION**

DEFENDANT: Michael N. Mangold
CASE NUMBER: 2012-cr-219-PP

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| Total Special Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$200.00**** | **$**0.00**** | **$315,127.48**** |

****** Less payments received to date.

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| PAYEE | AMOUNT |
|---|---|
| | |
| Internal Revenue Service – RACS<br>Attention: Mail Stop 6261, Restitution<br>333 West Pershing Avenue<br>Kansas City, MO 64108 | $315,127.48 less payments received to date |
| | |
| | |
| **TOTAL:** | **$315,127.48 less payments received to date** |

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

☐ The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ Restitution amount ordered pursuant to plea agreement: $ .

☐ The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the ☐ fine ☐ restitution.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Michael N. Mangold
CASE NUMBER: 2012-cr-219-PP

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The defendant's obligation to pay the $200 special assessment and the $315,127.48 (less any payments received to date) restitution balance begins immediately.

The defendant must make payments toward the remaining balance of the special assessment and restitution obligations of no less than $100 per month, until paid in full.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) special assessment, (2) restitution principal and (3) costs (if any, including cost of prosecution and court costs).